## MAHONE v. GRIMSHAW.

It is no defense to an action brought for wrongfully taking and detaining personal property, that the property so taken and detained is the separate property of the wife of plaintiff.

The husband is entitled to the management, control and possession of the separate property of the wife during the continuance of the marriage.

If the wife have any just cause to apprehend that her husband will mismanage or waste her separate property, she has her remedy by application to the District Court for the appointment of a trustee to take charge of and manage the same.

APPEAL from the Sixth Judicial District.

The complaint alleges that plaintiff was, on a day named, the owner and possessor of certain cattle of the value of nine hundred dollars ; that defendant wrongfully took them from his possession, and still detains them ; and prays for restoration of the possession, or if a return cannot be had, for the value.

The answer denies the ownership and possession of plaintiff, and the wrongful taking by defendant; and alleges that the cattle are and were at the time of the alleged taking the separate property of plaintiff's wife ; that a portion of them were the separate property of the wife before marriage, and the remaining portion were acquired

by her while doing business as a sole trader under the statute ; and that defendant took and held the property as agent of the wife, and with her consent.

On the trial, testimony was introduced tending to establish the allegations of the pleadings ; and the Court gave to the jury the following charge :

" The question is : Is this the property of the separate estate of Mrs. Mahone, or is the property or any part of it the joint estate of the two ?   If it is her separate property, she has a right to control it, and it was rightfully in Grimshaw's hands, and he has a right to hold it."   To which plaintiff excepted.

The jury returned a verdict for defendant ; plaintiff moved for a new trial, and the motion was granted.   From the order granting the new trial the appeal is taken.

*Wyans & Hyer*, for Appellant.

*Hereford & Long*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

If the cattle, for the possession of which the action is brought, were, as contended by the defendant, the separate property of the wife of the plaintiff, that fact constitutes no defense.   The husband, by the express language of the statute, is entitled to the management and control of the separate property of the wife during the continuance of the marriage, and, of course, to its possession.   If the wife have any just cause to apprehend that her husband will mismanage or waste her separate property, she has her remedy by application to the District Court for the appointment of a trustee to take charge of and manage the same.   (Act defining the Rights of Husband and Wife, of April 17th, 1850, secs. 6 and 8.)

Order affirmed.